UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 97-2891 |
| ) | |
| v. ) | |
| ) | |
| JOSHUA B. BOLTEN, ) | |
| Director of the Office of Management and ) | |
| Budget, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S NOTICE OF FILING OF UPDATE AND UPDATE**

Pursuant to the Court's orders of January 24, 2005, February 17, 2005, and March 10, 2005, plaintiff Public Citizen submits this update on the above-entitled case.

**BACKGROUND**

On December 11, 2000, this Court issued an opinion and order on the parties' cross-motions for summary judgment. The Court held that summary judgment should be entered against five defendant agencies on Plaintiff's claims under the Freedom of Information Act ("FOIA") and Paperwork Reduction Act ("PRA") because the undisputed facts showed that those agencies had not properly complied publicly available inventories of "major information systems." The Court further held that as to two agencies, the Office of Administration ("OA") and the Department of Energy ("DOE"), the factual record was inadequate to determine whether the agencies had properly determined what information systems and descriptions to include in their indices. Finally, giving *Chevron* deference to an agency declaration (the Arbuckle Declaration) prepared for this litigation, the December 2000 opinion rejected Plaintiff's claim that each of the defendant agencies failed to

comply with the PRA, which requires each agency to maintain a "current and complete inventory" of "information systems," and not only of "major information systems."

In January 2001, Plaintiff filed its pending motion for summary judgment and request for reconsideration. That motion argued that both OA and DOE had omitted from their inventories information systems that qualify as "major" under the statutes. In light of the then-recent decision in *Christensen v. Harris*, 529 U.S. 576 (2000), the motion also requested reconsideration of the Court's ruling that the PRA's mandate is limited to "major" systems. Under *Christensen*, materials such as a declaration prepared for litigation are not entitled to *Chevron* deference, but rather should be given weight only to the extent that they have the "power to persuade." Defendants cross-moved for summary judgment and opposed the request for reconsideration. They argued that the OA and DOE inventories were complete and that an OMB regulation (although not one that purported to interpret the PRA provision at issue and not one on which the Court relied) was consistent with the declaration and was entitled to *Chevron* deference. Defendants also argued that the declaration had the "power to persuade."

### UPDATE

A. <u>Motions for Summary Judgment</u>

Since the parties filed their summary judgment motions in 2001, both OA and DOE have made changes to their inventories of major information systems.

• OA added to its index the categories of information that Plaintiff identified as missing from it. Accordingly, as stated in the parties' Notice of Update filed on March 8, 2005, Plaintiff agrees that OA's current index complies with FOIA.

- Plaintiff's summary judgment motion argued that DOE's index of major information systems failed to comply with FOIA because it omitted several prominent systems of records that relate directly to DOE's mission, including systems of records concerning nuclear security, environmental hazards, patents, and legal records. Plaintiff also argued that DOE's index failed to include manual systems of records.

This morning, counsel for DOE informed counsel for Plaintiff that DOE will be significantly revising its index of major information systems but that the revision is not yet available. Counsel for DOE stated that she would be attaching the revised index to her update, to be filed later today. Plaintiff will therefore address the revised DOE index in the response to Defendants' update, due on April 5.

B.  Request for Reconsideration

With respect to Plaintiff's request for reconsideration, the PRA provision at issue and the OMB declaration on which Defendants relied in opposing the request remain unchanged.

Plaintiff filed a Notice of Supplemental Authority on June 27, 2001, bringing to the Court's attention the Supreme Court's decision in *United States v. Mead Corp.*, 533 U.S. 218 (2001). *Mead* confirms that the Court erred by giving *Chevron* deference to the Arbuckle Declaration because the statements therein were not made by the agency in an exercise of rulemaking or adjudicatory authority that was designed to formulate interpretations with the force of law. *Id*. at 228 (degree of deference due to government depends on, among other things, degree of agency's care, formality, thoroughness, and persuasiveness).

The following year, the Supreme Court issued its opinion in *Barnhart v. Walton*, 535 U.S. 212 (2002). In *Barnhart*, the Supreme Court reiterated that *Chevron* deference is not appropriate for

all agency statements. Rather, a court must consider "the interstitial nature of the legal question, the related expertise of the Agency, the importance of the question to administration of the statute, the complexity of that administration, and the careful consideration the Agency has given the question over a long period of time." *Id*. at 222. As the D.C. Circuit has stated, *Chevron* "deference is appropriate where the agency acts pursuant to an express or implied congressional delegation of authority to regulate an area at issue and the agency's action has the 'force of law.'" *Motion Picture Ass'n of Am. v. FCC*, 309 F.3d 796, 801 (D.C. Cir. 2002) (citing *Mead*, 533 U.S. at 226-27); *see California Indep. Sys. Operating Corp. v . FERC*, 372 F.3d 395, 399 (D.C. Cir. 2004); *Bluewater Network v. EPA*, 370 F.3d 1, 11 (D.C. Cir. 2004); *see also Mylan Labs., Inc. v. Thompson*, 389 F.3d 1272 (D.C. Cir. 2004) (affording *Chevron* deference to FDA letter that set forth agency's final decision with respect to drug application).

*Christensen*, *Mead*, *Barnhart*, and D.C. Circuit case law following those decisions demonstrate that the Court erred in deferring to the Arbuckle Declaration. That declaration was created for this litigation, lacks the formality and thoroughness that warrant *Chevron* deference, and, as argued more extensively in Plaintiff's motion, is not the most persuasive construction of the statute.

March 29, 2005                                             Respectfully submitted,

                                                                        /s/
                                                           _____
                                                           Allison M. Zieve (DC Bar No. 424786)
                                                           David Arkush (DC Bar No. 490385)
                                                           1600 20th Street, NW
                                                           Washington, DC 20009
                                                           202-588-1000

                                                           Counsel for Plaintiff Public Citizen