UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN, INC.,                    )
                                         )
                 Plaintiff,              )        Civil Action No. 97-2891
                                         )
v.                                       )
                                         )
JOSHUA B. BOLTEN,                        )
Director of the Office of Management and )
Budget, *et al.*,                        )
                                         )
                 Defendants.             )

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MARCH 29, 2005 UPDATE**

Pursuant to the Court's March 10 order, Plaintiff submits this response to Defendants' March 29, 2005 factual and legal update.

A.   Department of Energy's Index of Major Information Systems

Plaintiff had drafted a response to Defendant's update with respect to the index of the Department of Energy ("DOE") and was preparing to file it this afternoon. As of approximately 4:30 p.m., DOE still had no index of major information systems on its website. Plaintiff had planned to respond that the list filed on March 29, 2005, as an attachment to the Wallace declaration failed to satisfy FOIA both because it was not publicly available and because it did not include descriptions of the items listed, as required by the Freedom of Information Act. *See* 5 U.S.C. § 552(g)(2); *see also* OMB Circular A-130, § 9(a)(7), www.whitehouse.gov/omb/circulars/a130/a130trans4.html (requiring each agency to maintain an inventory of major information systems and a description of the agency's major information and record locator systems).

At 5:15 p.m., before completing the electronic filing, Plaintiff checked the DOE website once more and found that the list is now posted and does include descriptions. Because DOE's list and

descriptions of major information systems was not available until late this afternoon, Plaintiff has not had an opportunity to review the list to assess whether it is complete.  With respect to DOE's index, the issue addressed in the cross-motions for summary judgment was completeness. Accordingly, Plaintiff proposes to review the DOE list and provide a further response to the Court in one week, on April 12, 2005.  Counsel for Defendants has no objection to Plaintiff's doing so.

B.  Request for Reconsideration

Defendants' discussion of whether the Court improperly deferred to the construction of section 3506(b)(4) of the PRA set forth in the Arbuckle declaration errs on several important points.

First, Defendants' update argues that deference to OMB Circular A-130 was proper. However, the Court's December 2000 opinion did not defer to that Circular.  Rather, it deferred to the Arbuckle declaration.  127 F. Supp. 2d 1, 8, 25 (D.D.C. 2000).  That declaration was created for this litigation and was not a longstanding interpretation or one subject to notice and comment rulemaking.

Second, Defendants' update states that the Arbuckle declaration was entitled to deference because it set forth the agency's interpretation of its own regulation.  Putting aside the fact that an OMB Circular is not a regulation, the Circular that the Arbuckle declaration purported to construe did not itself construe the PRA provision at issue, section 3506(b)(4).  At the time the declaration was signed and filed, OMB Circular A-130 discussed PRA section 3511(a)'s requirement of an index of "major information systems," but not section 3506(b)(4)'s requirement that agencies maintain a "current and complete inventory of [] information resources."

Finally, Defendants argue that OMB Circular A-130 has been revised to clarify that the agency believes that PRA section 3506(b)(4) requires a list of "major" information systems, not a

"complete" list of all information systems, and that the Court should defer to this Circular.  However, deference is not warranted for the reasons discussed in Plaintiff's pending Motion for Summary Judgment and Request for Reconsideration (at 18-19).

Moreover, when it revised the Circular, OMB failed to provide a reasoned explanation for its construction of the statutory language.  *See Bowen v. Georgetown Univ. Hosp*., 488 U.S. 204, 212 (1988) (refusing to give deference to agency interpretation that was not "reasoned and consistent" view).  In cursory fashion, OMB gave four reasons for its reading of section 3506(b)(4): (1) it had taken such a position in this litigation, (2) its view was supported by section 3506(b)(4)'s references to section 3511, (3) its view was consistent with the 1996 e-FOIA Amendments, and (4) focusing attention on "major" systems makes sense for improving agency management.  *See* 65 Fed. Reg. 19933, 19934 (2000) (proposed revision); *see also* 65 Fed. Reg. 77677, 77680 (2000) (final revision).

The first reason is plainly irrelevant.  *See Auer v. Robbins*, 519 U.S. 452, 462 (1997) (indicating that deference is appropriate where agency's "position is in no sense a 'post hoc rationalizatio[n]' advanced by an agency seeking to defend past agency action against attack") (quoting *Bowen*, 488 U.S. at 212) ; *Bowen*, 488 U.S. at 213 (deference to agency litigating position "entirely inappropriate").  The second cuts against Defendants, as the Court previously recognized. 127 F. Supp. 2d at 23 ("Thus, the use of 'including' to cross-reference directories containing major information systems suggests that a major information system is an 'illustrative application' of the term 'information resources.'").  The third reason, consistency with the e-FOIA Amendments, also fails.  Although the Circular reads the PRA provision and the FOIA provision consistently by construing them to impose identical obligations, Plaintiff's reading would not impose inconsistent

3

obligations, just a PRA obligation that is broader than the FOIA obligation.  Finally, OMB's view about what makes most sense as a matter of policy sheds no light on congressional intent; indeed, the Court has stated that section 3506's objective may be better served by Plaintiff's reading.  *Id*. at 25.

In its prior opinion, the Court indicated that OMB's view, as set forth in the Arbuckle declaration, did not have "overwhelming" support, but that the Court would defer to the agency because its reading "represents a permissible construction of the statute."  *Id*. at 26.  Because the Court erred in deferring to the Arbuckle declaration to decide what the Court viewed as a close question, reconsideration is warranted.

April 5, 2005                                             Respectfully submitted,


                                                          _____/s/_____
                                                          Allison M. Zieve (DC Bar No. 424786)
                                                          David Arkush (DC Bar No. 490385)
                                                          1600 20th Street, NW
                                                          Washington, DC 20009
                                                          202-588-1000

                                                          Counsel for Plaintiff Public Citizen