IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 97-2891 |
| JOSHUA B. BOLTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE DEPARTMENT OF ENERGY'S NEW INDEX OF MAJOR INFORMATION SYSTEMS**

In accordance with the Court's instructions, Defendants hereby reply to the Plaintiff's Response to the Department of Energy's New Index of Major Information Systems, which was filed on April 11, 2005.  In that brief, Plaintiff argued that the Department of Energy ("DOE") did not have a list of major information systems that addressed all three prongs of the definition of major information systems in OMB Circular A-130.  In fact, DOE's list of major information systems fully complies with the requirements of OMB Circular A-130.

OMB Circular A-130 defines "major information systems" as:

> an information system that requires special management attention because of its importance to an agency mission, its high development, operating, or maintenance costs; or its significant role in the administration of agency programs, finances, property or other resources.

Systems meeting any of these three criteria qualify as "major information systems."  Plaintiff alleges that the process used by DOE, as described in the Declaration of Robert Wallace, meets the second criterion of OMB Circular A-130 (relating to costs), but does not meet the first or third criteria.  Pl.'s Mem. at 2.  Because the process used by DOE evaluates each of the three criterion found in OMB Circular A-130 to create its list of major information systems, Plaintiff

cannot prevail in its claim against DOE.

DOE's list of major information systems meet all three prongs of OMB Circular A-130. As described in the Declaration of Robert J. Wallace, dated March 29, 2005, DOE engages in a formalized process that analyzes all systems within the agency, and the list of major information systems derives from this process. Wallace Decl. ¶¶ 2-4. The chart contained as Attachment 1 to the Wallace Declaration sets forth the several criteria that DOE takes into consideration in determining what qualifies as a major information system, and the first two definitions contained in OMB Circular A-130 are explicitly incorporated into this chart. The instructions state that "[a]n investment only has to meet one of the criterions [on the chart] to be considered Major." Wallace Decl. Ex. 1 at 1. The first criterion listed on the chart used by DOE is "a system or investment that requires special management attention because of its importance to an agency's mission," which mirrors the first prong of OMB Circular A-130. Id. Therefore, this factor is explicitly considered by DOE in creating its list of major information systems.

As explained in DOE's Strategic Plan, "The Department of Energy's overarching mission is to advance the national, economic and energy security of the United States; to promote scientific and technological innovation in support of that mission; and to ensure the environmental cleanup of the national nuclear weapons complex." See Strategic Plan found at http://strategicplan.doe.gov; Declaration of Almeda C. Cole, dated Aug. 1, 2005, ¶ 3 ("Cole Decl."). DOE is organized into four business lines to execute this mission: Defense, Energy, Science and Environment. See id. The majority of the systems on DOE's list of major information systems relate to these mission goals. To assist in illustrating this point, DOE has re-organized its list into which parts of the agency mission the systems support. See Cole Decl.

Ex. 1.  It is clear from this re-organized list which systems support the Defense mission, which support the Energy mission, which support the Science mission, and which support the Environmental mission.  Id.  Some of the systems listed under these headings are considered to be "major information systems" based on their importance to the agency's mission alone, without factoring in any cost criteria.  For example, the South Western Power Administration EDMS is on the list because it is important to the agency's Energy mission – the first criterion of OMB Circular A-130 – although it does not meet the other criteria of the definition of major information system in OMB Circular A-130.  The same is true for several other items on DOE's list of major information systems.[1]  See Cole Decl. ¶ 6.

DOE meets the second criterion of OMB Circular A-130 because the DOE chart factors in the high cost of a system as one criterion that would render the system a "major information system."  Indeed, Plaintiff concedes that the second prong of OMB Circular A-130 is covered by DOE's process.  See Pl.'s Mem. at 2.

The third criterion in OMB Circular A-130, which encompasses administrative systems, is also covered in the DOE process, even though this is not explicitly listed on the chart attached to the Wallace declaration.  It is incorporated into the process because the administrative functions of the third criterion are considered separately as a "mission" of DOE when it creates its list of major information systems.  DOE categorizes the administrative functions under the business line of "Corporate Management," and the EA and CPIC process analyze these systems

---

[1] For the Court's convenience, DOE has annotated each major information system on the list with numerical references to which of the three criteria from OMB Circular A-130 are applicable to it.  See Cole Decl. ¶ 8 and Ex. 1.  DOE will publish this re-organized and clarified chart on its website, although the published version will not contain the numerical annotations referencing the A-130 criteria.

3

as another "mission" of the agency. Cole Decl. ¶ 4. When a system has importance to the "Corporate Management" mission, it is included on the list of major information systems. In fact, several items on the list of DOE's major information systems qualify solely based on the third criterion of OMB Circular A-130, and not because of any cost factors. Id. ¶ 7. These include DOE Enterprise Architecture Repository, the Management, Budget & Evaluation Employee Self Service System (ESS), and the Management, Budget & Evaluation Customer Information System (CISS), among others. Id.

Plaintiff continues to advocate that certain items should be included on DOE's list of major information systems.[2] This Court has already rejected Plaintiff's request to review de novo an agency's determination of which of its information systems qualifies as major and stated that the arbitrary and capricious standard of review applies. See Opinion Filed Dec. 11, 2000 at 7-8. Under this standard, the scope of review is narrow, and the court is precluded from substituting its judgment for that of the agency. Motor Vehicle Manuf. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also Opinion Filed Dec. 11, 200 at 5-6. It is axiomatic that, under this standard, a litigant cannot dictate the outcome of DOE's list of major information systems. Instead, the question is whether DOE is applying the appropriate criteria under OMB Circular A-130 in making its determination of what constitutes a major information system, which it is.

Plaintiff takes issue with the fact that OpenNet and the Environmental, Safety and Health

---

[2] Plaintiff cites patent records as an example of what it believes should be a "major information system" of DOE. Throughout this litigation DOE has taken the position that patent records are not one of its major information systems. See Def.'s Reply Mem., dated March 19, 2001 at 5 and attached Declaration of Susan L. Frey ¶ 19.

4

Researcher's Workstation are not included on the current list of major information systems. Pl.'s Mem. at 3. While it is true that these are not considered to be major information systems of DOE, see Cole Decl. ¶ 9, those items continue to be listed on DOE's website as "Information Available for Inspection and Copying." See id. ¶ 10 and Ex. 2 at 3, 5.[3]

Plaintiff also criticizes the list of major information systems as providing insufficient information under which to locate certain records. However, the focus of information systems is not on records per se. The definition of "information system" is "a discrete set of information resources organized for the collection, processing, maintenance, transmission, and dissemination of information, in accordance with defined procedures, whether automated or manual." OMB Circular A-130; Dec. 11, 2001 Opinion at 4. There are records that are not part of DOE's major information systems, and the DOE website offers many other options for locating records, in addition to its list of major information systems. For example, on the same page where users access the DOE list of major information systems, DOE lists an index of records available for public inspection and copying, broken down in accordance with the FOIA requirements in 5 U.S.C. § 552(a)(2). See Cole Decl. Ex. 2. Included on this list are entries under the headings of "Human Subject Research" and "Environment, Safety and Health," and "Defense Nuclear Facilities Safety Board," which Plaintiff discusses in its April 11, 2005 brief as notably absent from DOE's index. Pl.'s Mem. at 3-4.

In short, DOE has a process in place that takes into consideration each of the three

---

[3] In addition to the list on the same web page where DOE's list of major information systems can be found, DOE maintains other pages on its web site to assist users in locating records, including a FOIA reading room that allows users to perform a category search or full-text search, see www.readingroom.doe.gov, and a list of frequently requested documents. See http://www.ma.mbe.doe.gov/execsec/frequentlyreqdocs.htm.

criterion of OMB Circular A-130 when it compiles its list of major information systems and, therefore, DOE is properly following the statutory requirement to list its major information systems. Plaintiff's mere disagreement with the specifics of what should be included on that list does not warrant judgment against DOE. To the contrary, judgment should be granted in DOE's favor because it meets is statutory obligations, in accordance with OMB Circular A-130.

Dated: August 1, 2005           Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney


   /s/ Tamara Ulrich
ARTHUR R. GOLDBERG (DC Bar # 180661)
TAMARA ULRICH (NY Bar)
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
(202) 305-1432

Counsel for Defendants