UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC., : <br> : <br>     Plaintiff, : <br> : <br>          v. : <br> : <br> JOSHUA B. BOLTEN, : <br> Director of the Office of Management and : <br> Budget, *et al.*, : <br> : <br>     Defendants. : | Before:     WALLACH, Judge <br> Civil Action No.:   97-2891 |

[Plaintiff's Motion for Summary Judgment With Respect to the Office of Administration and the Department of Energy and Request for Reconsideration is Denied; Defendant's Cross-Motion for Summary Judgment is Granted.]

Decided: December 28, 2005

Allison M. Zieve, and David Arkush, for Plaintiff Public Citizen.

Peter D. Keisler, Assistant Attorney General; Kenneth L. Wainstein, United States Attorney; Tamara Ulrich, Trial Attorney, U.S. Department of Justice, Civil Division, Federal Programs Branch, for Defendants, Joshua B. Bolten, *et al.*

**OPINION**

**I**
**INTRODUCTION**

This matter arises from cross-motions for summary judgment filed by the parties in January 2001. Prior to the filing of these motions, the court issued an opinion and order on the parties' previous cross-motions for summary judgment. The court in its December 2000 opinion held that summary judgment should be entered against five of the seven defendant agencies on

1

Plaintiff's claims arising under the Freedom of Information Act ("FOIA") and the Paperwork Reduction Act ("PRA"). The court found that there was inadequate information on the record to determine if two agencies, the Office of Administration ("OA") and the Department of Energy ("DOE"), correctly interpreted the PRA. Concurrent with Plaintiff's Motion for Summary Judgment, it filed a Motion for Reconsideration of the court's ruling that the PRA's mandate was limited to major information systems. These pending motions are now before the court.

## II
## BACKGROUND

It is assumed that the parties are familiar with the procedural and factual history of this litigation. Pending before the court is Plaintiff's Motion for Summary Judgment with Respect to the Office of Administration and the Department of Energy and Request for Reconsideration ("Plaintiff's Motion") filed on January 19, 2001 and Defendant's Cross-Motion for Summary Judgment ("Defendant's Cross-Motion") filed on February 14, 2001. The Plaintiff challenged the court's December 11, 2000, opinion in which the court ruled that five of the defendant agencies had not complied with their obligations under FOIA, 5 U.S.C. § 552, and PRA, 44 U.S.C. § 3506(b)(4), to provide indices and descriptions of their "major information systems." Plaintiff's Motion at 1. The court found, however, that there were insufficient facts to resolve whether the OA and the DOE had misapplied the definition of "major information systems." Id. Plaintiff moved for summary judgment on the basis that the two agencies had failed to compile inventories as well as identify all the systems that qualify as "major information systems" as defined in OMB Circular A-130. Id. Plaintiff also requested that the court reconsider its decision to defer to OMB's interpretation of PRA 44 U.S.C. § 3506(b)(4) in light of Christensen v. Harris

County, 529 U.S. 576, 120 S. Ct. 1655, 146 L. Ed. 2d 621 (2000) ("Christensen"). The Plaintiff challenges the court's conclusion that the interpretation set forth in the Supplemental Arbuckle Declaration warranted deference under Chevron v. National Resources Defense Council, 467 U.S. 837, 104 S. Ct. 2778, 81 L.Ed. 2d 694 (1984) ("Chevron"). Plaintiff also submits that the agencies' inventories under section 3506(b)(4) of the PRA may not be limited to "major information systems." Id. at 2.

In their cross-motion, Defendants primarily assert that the Plaintiff failed to prove that the OA and DOE failed to adequately compile a list of their "major information systems." Memorandum in Support of Federal Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment With Respect to the Office of Administration and the Department of Energy and Request for Reconsideration ("Defendant's Cross-Motion") at 1. According to Defendants, Plaintiff's only point of contention is that it disagrees with the agencies' determinations that certain systems are not "major information systems." Defendant's Cross-Motion at 2. Accordingly, Defendant's say that Plaintiff has failed to demonstrate that the agencies misapplied the definition of "major information system" set forth in OMB Circular A-130. Id. Defendant also contends that the Plaintiff's Motion for Reconsideration be denied on the grounds that the court's decision was consistent with Christensen and the court did not improperly defer to the statements and interpretations of PRA § 3506 in the Supplemental Arbuckle Declaration. Id. at 8-9.

Since the filings of the parties' cross-motions for summary judgment, the OA and DOE have made changes to their inventory of major information systems. The parties agree that OA's inventory is in compliance with FOIA requirements. Plaintiff's Notice of Filing of Update, dated

3

March 29, 2005 ("Plaintiff's March 29, 2005 Update"). However, the parties still dispute the indexing and identification of DOE's "major information systems." Plaintiff's Response to Defendant Department of Energy's New Index of Major Information Systems, dated April 11, 2005 at 2-4; Defendant's Reply to Plaintiff's Response to the Department of Energy's New Index of Major Information Systems, dated August 1, 2005, at 1-6.

## III
## THE LAW GOVERNING THE MOTIONS AT ISSUE HERE

### A
### Motion for Summary Judgment

Summary judgment is appropriate when all the pleadings, together with the declarations, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). If the agency proves that it has fully discharged its FOIA obligations by showing "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements," then summary judgment is warranted. National Cable Television Ass'n, Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973). Agencies can rely on the declarations of their officials in order to sustain their burden of proof in a FOIA matter. Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). If a plaintiff wishes to counter a defendant's proof, then it must proffer proper evidence to support its claim in order to constitute a triable issue of material fact that will preclude awarding summary judgment to defendant. See Bennett v. Spear, 520 U.S. 154, 168, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997).

**B**
**Motion for Reconsideration**

Federal Rule of Civil Procedure 54(b) governs reconsideration of determinations that do not constitute final judgments in a case.[1] Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Rule 54(b) provides that:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). A reviewing court may permit revision "'as justice requires.'" Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (quoting APCC Servs. v. AT&T Corp., 281 F. Supp. 2d 41, 44 (D.D.C. 2003). The phrase, "as justice requires," is a benchmark for more concrete considerations. Id. For example, justice may require revision when the court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." Cobell, 224 F.R.D. at 272 (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotes omitted)). Apprehension errors potentially include a court's failure to consider "controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A district court's discretion to reconsider a non-final ruling is, however, limited by the

---

[1] At Oral Argument both parties agreed that the judgment previously issued in this case was not final either in whole or in part.

law of the case doctrine and "'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" In re Ski Train Fire in Kaprun, Austria, on November 11, 2000, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (quoting Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, 322 F.3d 147, 167 (2d Cir. 2003)).

IV
ANALYSIS

A
**Because the Court's Earlier Decision Was Correctly Decided, Plaintiff's Motion for Reconsideration is Denied**

Plaintiff argues that the court erred in giving Chevron deference to the Supplemental Arbuckle Declaration because the statements it contained "were not made by the agency in an exercise of rulemaking or adjudicatory authority that was designed to formulate interpretations with the force of law." Plaintiff's March 29, 2005 Update at 3. Plaintiff primarily contests the validity of the Supplemental Arbuckle Declaration because it was "created for this litigation, lacks the formality and thoroughness that warrant Chevron deference." Id. at 4. Plaintiff contends that the court should reevaluate Section 3506(b)(4) without affording deference to OMB's position on the grounds that OMB's position does not have the "power to persuade" sufficient to warrant respect for its interpretation of Circular A-130 under the standard set forth Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944), nor is it the most reasonable interpretation of the statute. Memorandum in Support of Plaintiff's Motion for Summary Judgment with Respect to the Office of Administration and the Department of Energy, and Request for Reconsideration ("Plaintiff's Motion") at 17.

Defendant on the other hand contends that under United States v. Mead, 533 U.S. 218, 121 S. Ct. 2164, 150 L. Ed. 2d 292 (2001), and Barnhart v. Walton, 535 U.S. 212, 122 S. Ct. 1265, 152 L. Ed. 2d 330 (2002), the court afforded the proper level of deference to the agency interpretations of OMB Circular A-130 included in the Arbuckle Declarations and there is no need to reconsider its December 2000 decision. Defendant's March 30, 2005 Update at 4-5. According to Defendant, "[w]hile Circular A-130 is not technically a regulation, the Circular is published in the Federal Register and amendments to the Circular have been made pursuant to notice and comment . . . . Thus, unlike the opinion letter which was the subject of Christensen, OMB's interpretation of § 3506 was subject to notice and comment and communicated through the normal agency processes for providing guidance to agencies." Defendant's Cross-Motion for Summary Judgment ("Defendant's Cross-Motion") at 10. Defendant argues that its interpretation is entitled to deference since the court had already considered and rejected Plaintiff's argument "explicitly finding 'that the declaration represents OMB's fair and considered judgment on the interpretation of the OMB circular and § 3506(b)(4)'" and "specifically noting the fact that the interpretation was not offered by government counsel but by the agency administrator." Id. at 11. According to Defendant, not only was OMB's interpretation a part of the Supplemental Arbuckle Declaration but it was also memorialized in formal agency documentation such as OMB Circular A-130. Id. at 9.

Plaintiff's Motion for Reconsideration is a restatement of its earlier arguments before the court. There are no new facts or law to establish that the facts of Plaintiff's case fall within the discretionary purview of Rule 54(b). More importantly, the court in its December 2000 opinion stated its basis for analysis of whether or not the OMB's interpretation of PRA § 3506(b)(4) was

7

arbitrary or capricious:

> In applying this standard, the court will accord substantial deference to OMB's interpretation of the definition of "major information system" insofar as it is interpreting its own regulation. See National Wildlife Fed'n v. Browner, 326 U.S. App. D.C. 451, 127 F.3d 1126, 1129 (D.C. Cir. 1997) ("Generally, the court accords substantial deference to an agency's interpretation of its own regulations."); see also Buffalo Crushed Stone, Inc. v. Surface Transp. Bd., 338 U.S. App. D.C. 335, 194 F.3d 125, 128 (D.C. Cir. 1999) ("An agency's interpretation of its own regulation merits even greater deference than its interpretation of the statute that it administers."); Paralyzed Veterans of America v. D.C. Arena L.P., 326 U.S. App. D.C. 25, 117 F.3d 579, 584 (D.C. Cir.1997) (similar). For the most part, OMB's interpretation of this definition is set forth in the supplemental declaration of Donald Arbuckle ("Arbuckle Supplemental Declaration"), the Deputy Administrator of OIRA. Provided this interpretation "does not violate the Constitution or a federal statute, it must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." National Wildlife Fed'n, 127 F.3d at 1129 (quoting Stinson v. United States, 508 U.S. 36, 45, 123 L. Ed. 2d 598, 113 S. Ct. 1913 (1993) (internal quotation and citation omitted)).

Public Citizen v. Lew, 127 F. Supp. 2d 1, 7-8 (D.D.C. 2001). After reviewing the statutory and legislative history the court reached the following conclusions:

> The court's inquiry into the proper interpretation of § 3506(b)(4) proceeds under the Supreme Court's well-known framework in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984). First, the court asks "whether Congress has directly spoken to the precise question at issue." Id. at 842. This inquiry requires the court to exhaust "traditional tools of statutory construction," which include examining the statute's text, legislative history, structure, and purpose. See Natural Resources Defense Council, Inc. v. Daley, 341 U.S. App. D.C. 119, 209 F.3d 747, 752 (D.C. Cir. 2000) (quoting Bell Atlantic Tel. Cos. v. FCC, 327 U.S. App. D.C. 390, 131 F.3d 1044, 1047 (D.C. Cir. 1997)). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43. If, however, the statute is "silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843. Finding that Congress has not clearly expressed its intent in § 3506(b)(4) as to whether an agency must inventory all of its information systems or only those qualifying as "major," the court upholds OMB's interpretation as a permissible construction of the statute.

> \* \* \*
>
> In short, after exhausting traditional tools of statutory construction, the court finds that Congress has not unambiguously addressed the parameters of § 3506(b)(4)'s inventory requirement. Thus, the court proceeds to step two of the Chevron analysis, and evaluates whether OMB's construction of § 3506(b)(4) is permissible. OMB interprets § 3506(b)(4)'s inventory requirement, as it applies to information systems, to require agencies to inventory only their major systems. See Arbuckle Suppl. Decl. PP 7-15. Although OMB's interpretation is entitled to deference under this prong because it administers the PRA, the court will not uphold its interpretation if it "diverges from any realistic meaning of the statute." Natural Resources Defense Council, 209 F.3d at 752-53 (quoting Massachusetts v. Department of Transp., 320 U.S. App. D.C. 227, 93 F.3d 890, 893 (D.C. Cir. 1996)).
>
> \* \* \*
>
> [A]lthough the factors emphasized by OMB do not provide overwhelming support for its interpretation of § 3506(b)(4), they do not undermine that interpretation either. Because OMB's interpretation of the inventory requirement is not inconsistent with the language, legislative history, or purpose of § 3506(b), the court finds that it does not "diverge[] from any realistic meaning of the statute," Natural Resources Defense Council, 209 F.3d at 753, and, accordingly, represents a permissible construction of § 3506(b)(4).

Public Citizen, at 22, 24-26.

The question now before the court is whether this determination was based on the correct standard of review. Case precedent shows the court did not apply the wrong standard of review in deferring to the agency's interpretation of PRA § 3506(b)(4). Chevron at 837. As a result, its original determination remains valid.

The Supreme Court in Christensen held that agency interpretations contained in formats such as opinion letters are "entitled to respect" under Skidmore, but only to the extent that those interpretations have the "power to persuade." Christensen, 529 U.S. at 587; Skidmore, 323 U.S. at 140. In continuing to follow Skidmore, the Supreme Court upheld, where appropriate, agency

9

interpretations based upon the agency's "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." Skidmore, 322 U.S. at 140. Following Christensen, the Supreme Court in United States v. Mead, stated that "agencies charged with applying a statute necessarily make all sorts of interpretive choices, and while not all of those choices bind judges to follow them, they certainly may influence courts facing questions the agencies have already answered." 533 U.S at 227-28. Furthermore, under the Mead standard "a reviewing court has no business rejecting an agency's exercise of its generally conferred authority to resolve a particular statutory ambiguity simply because the agency's chosen resolution seems unwise." Id. at 229.

      Plaintiff in this matter is seeking a review of OMB's implementation of the Paperwork Reduction Act. The PRA states that OMB "shall . . . (A) develop, coordinate, and oversee the implementation of Federal information resources management policies, principles, standards, and guidelines; and (B) provide direction and oversee" the agencies' activities in information dissemination and other areas. 44 U.S.C. § 3504(a)(1)(A)-(B)**.** OMB argues that it has done just that in interpreting the PRA and identifying major information systems for purposes of FOIA requests. Reply Memorandum in Support of Federal Defendants' Cross-Motion for Summary Judgment ("Defendant's Reply") at 7-8. The court previously determined that OMB relies on its Circular A-130 to "provide formal guidance to agencies on the information resources management and information dissemination provisions of the PRA" and has done so via publication in the Federal Register and via notice-and-comment procedures. Id. The court in its December 2000 opinion also found that the Arbuckle Declaration was a further interpretation of OMB Circular A-130 and not an interpretation presented solely for purposes of litigation. Id. at 8.

As the Supreme Court aptly pointed out in Barnhart v. Walton, a court may appropriately grant Chevron deference to an agency decision based upon the "interstitial nature of the legal question, the related expertise of the Agency, the importance of the question to administration of the statute, the complexity of the administration, and the careful consideration the Agency has given the question over a long period of time." 535 U.S. at 222. OMB has the expertise in implementing PRA § 3506(b)(4) and has set forth notice and comment based guidelines which were further interpreted during earlier stages of this litigation; accordingly, based on the standards articulated above, there is no factual or legal basis for the court to now reconsider its prior decision. For these reasons, Plaintiff's Motion for Reconsideration is denied.

B

**Defendant's Motion for Summary Judgment is Granted**

Plaintiff contends that DOE's index of major information systems failed to comply with FOIA because it omitted "several prominent systems of records that relate directly to DOE's mission, including systems of records concerning nuclear security, environmental hazards, patents, and legal records. Plaintiff's March 29, 2005 Update at 3.

Defendant argues that since the filing of cross-motions for summary judgment, DOE has formalized and institutionalized its method of creating and listing its major information systems. Defendant's March 30, 2005 Update at 2. According to Defendant, DOE has now included those systems which are of importance to the agency's mission, are of high development, operating, or maintenance costs, and those that are of importance to the agency's overall mission. Id. at 3. DOE has now listed all of these major information systems on its website for public access. Defendant's Reply to Plaintiff's Response to the Department of Energy's New Index of Major

Information Systems at 5.

Under Chevron, an administrative agency has the power to "administer a congressionally created . . . program." Id. at 843. Specifically, if there is a gap left by Congress for the agency to interpret and fill, then Congress has expressly granted that authority to do so by regulation. Id. at 844. Furthermore, these legislative regulations are given "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Id.

The steps taken by the DOE to ensure compliance with the PRA show the agency has followed the intent of Congress. DOE compiled and listed all of its major information systems according to the three specific criteria articulated in OMB Circular A-130. Declaration of Almeda C. Cole ("Cole Declaration"), dated August 1, 2005 at 2. The OMB properly implemented Circular A-130 via notice-and-comment procedures in accordance with Congress' mandate and it is therefore proper for DOE to follow the directives of Circular A-130.

First, DOE examined its systems that "require special management attention because of its importance to an agency's mission." Declaration of Robert J. Wallace ("Wallace Declaration"), dated March 29, 2005, at 2; Cole Declaration at 3. DOE asserts that the majority of information systems listed on its website specifically relate to the agency's mission. Wallace Declaration at 2. Second, the agency identified systems that were high cost items. Id.; Cole Declaration at 3. Finally, it identified systems that focus on the administrative aspects of the agency which include enterprise architecture ("EA") functions. Wallace Declaration at 2; Cole Declaration at 2. DOE was explicit in its description of the steps taken, that the identification of EA systems was done independently and in addition to the identification of those major information systems associated with DOE's mission. Wallace Declaration at 2. DOE's index of

12

major information systems and the process by which DOE compiled its listing should be afforded deference under the administrative law principles of Chevron.  Furthermore, even if DOE's process does not rise to the level necessary for Chevron deference, its processes are still highly persuasive since DOE's listing constitutes a "body of experience and informed judgment to which courts and litigants may properly resort for guidance." Skidmore 323 U.S. at 140.  As a result, Defendant's Cross-Motion is supported by substantial evidence and is in accordance with law.

# V
# CONCLUSION

For the reasons discussed above, the court having reviewed the pleadings and papers on file herein, and good cause appearing therefor, it is hereby

ORDERED that the Plaintiff's Motion for Summary Judgment and Motion for Reconsideration be, and hereby is, DENIED; and it is further

ORDERED that the Defendant's Cross-Motion for Summary Judgment be, and hereby is, GRANTED.

    /s/ Evan J. Wallach
Evan J. Wallach, Judge

Dated: December 28, 2005
       New York, New York